**SOCIETE INTERNATIONALE POUR PAR- TICIPATIONS INDUSTRIELLES ET COMMERCIALES, S. A. v. CLARK et al.**

**Civ. A. No. 4360–48.**

United States District Court
District of Columbia.

July 5, 1949.

264 

See also 8 F.R.D. 565.

John J. Wilson, Washington, D. C., for plaintiff.

David Schwartz, Sidney B. Jacoby and Paul E. McGraw, Department of Justice, Washington, D. C., for defendant.

LAWS, Chief Judge.

This cause came on for hearing upon the following motions: (a) of plaintiff: to order the defendants to produce and permit the inspection, copying and photographing of approximately 23,000 documents in their possession said to be relevant to the above-entitled case, and (b) of defendants: (1) to order plaintiff to produce for inspection, copying and photographing all documents, not privileged, in its possession, custody or control relevant to the above-entitled case (these are said to consist of approximately 50,000 papers and documents situated in Switzerland); and (2) that a Judge of this Court be designated to hear, determine, and superintend all matters in this case preliminary to trial.

There were two oral hearings in regard to these motions. At the first, it was represented that Hans Sturzenegger, one of the witnesses whose depositions previously had been authorized to be taken by defendants, had been under examination for eleven days, that during the course of this examination there was prolonged questioning concerning a large number of papers and documents entirely unfamiliar to and not in anywise connected with the deponent; that many of the papers deponent was being shown and questioned about related to events occurring twenty or more years ago; that on advice of plaintiff's counsel, the deponent had not answered a number of questions asked him; and that in all probability the examination of this one witness would continue for many additional days and possibly weeks. At this hearing, in view of these statements, the Court announced the taking of depositions would be continued until further order and that to expedite the taking of depositions, the defendants should make available to the deponent Sturzenegger any document to be exhibited to him during the further taking of his deposition, in respect of which it was claimed he was author or had any contact. The Court stated it would grant the respective motions of the parties to inspect documents. Counsel were instructed to submit proposed orders in accordance with the announced decisions.

It was after submission of the proposed orders that the matter was set down for further oral hearing. At this time the principal points discussed were with regard to the granting of defendants' motion to inspect and copy documents abroad and whether the inspection, if granted, would be permitted to be made simultaneous with plaintiff's inspection of defendants' documents in this country. At this hearing it was pointed out that the motion of plaintiff for the inspection and copying of papers and documents was not solely for the benefit of the deponent Sturzenegger, but was intended to afford plaintiff discovery under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. This undoubtedly is correct. However, the Court is of the opinion that the deposition of Sturzenegger, as well as the deposition of the other witnesses previously authorized by the Court, will be greatly expedited if the examination by plaintiff of defendants' documents is completed before the taking of the depositions is resumed. Accordingly, the deposition of the witness Sturzenegger, heretofore authorized to be taken by defendants will be

suspended, with right to be resumed twenty days after completion of the inspection and copying of documents by plaintiff which will be permitted.

As stated at the first oral hearing, plaintiff's motion for discovery will be granted with regard to the papers and documents in the possession of defendants. These papers are at the Department of Justice in Washington, D. C. and counsel for defendants have indicated they are relevant to the issues in this case. Any papers or documents which consist only of memoranda prepared by any employee or agent of a United States Government Department or of an Allied Government, including statements given to, or taken by, such an employee or agent, will not be required to be produced.

█ With regard to defendants' motion for discovery of the documents in Switzerland, plaintiff maintains the designation of the papers and documents is insufficient, that there is no showing they constitute or contain evidence relating to the issues involved in this suit, or that the papers and documents are in its possession, custody or control. I find, as argued by plaintiff, that in many cases, the Courts have required a reasonably well defined designation of the documents and papers. But in these cases, it has appeared that all of the documents of the party would not be likely to have some relation to the issues involved. The case at bar differs in this regard from the cases cited by plaintiff. Here the claim of the defendants is that plaintiff was enemy owned, controlled and tainted at the time its property was vested, and that long before the vesting, plaintiff had sought to conceal the true facts of its ownership and control by the use of subsidiaries and affiliates in various parts of the world. In such a case every record of plaintiff, as well as of its subsidiaries and affiliates, may have a tendency to prove or disprove such claims of defendants. The Court therefore adheres to its previously expressed view that full discovery should be made.

As to plaintiff's claim that it is not shown to have possession, custody or control of the papers and documents sought to be inspected and copied, the Court finds a prima facie case of control by plaintiff is made out. If it develops that plaintiff, after bona fide efforts to obtain access to records of its subsidiaries, affiliates and others in which plaintiff has an interest, is unable to produce them as ordered, the question of whether further action should be taken by the Court may be considered.

I have concluded the authorized inspection and copying of all records should be made in the presence of counsel for or other representatives of both parties and that the inspection and copying should not be simultaneous as requested by defendants. The presence of counsel for both parties when the inspection and copying is being made may well facilitate the reduction of the time of preparation and trial of this case, an object greatly to be desired.

The matter of the designation of a judge of this Court to hear all preliminary motions and proceedings arising in this cause appears to have merit. However, as a matter of procedure this should be decided administratively by the Pre-trial and Assignment Judge, not by formal motion.

### Order.

Upon consideration of the respective motions of plaintiff and defendants to inspect, copy and photograph documents in the possession, custody or control of the adverse party said to be relevant to the issues involved in this case, and the motion of defendants that a Judge of this Court be designated to hear all preliminary motions and proceedings arising in this case, and it having appeared at the oral hearings of said motions that the taking of the deposition of one Hans Sturzenegger heretofore authorized by the Court had been unduly prolonged and would continue to be prolonged until access to certain records is made possible, it is this 5th day of July, 1949

Ordered, that the motion of plaintiff be and it hereby is granted in the following respects and subject to the following conditions:

1. That the defendants shall produce and permit the inspection, copying or photographing by or on behalf of plaintiff, of all documents and papers now in its possession, custody or control, having relation to any of the issues in this case, with the exception of any papers or documents which consist only of memoranda prepared by any employee or agent of a United States Government or of an Allied Government, including statements given to, or taken by, such an employee or agent;

2. Said inspection and copying to take place at the Department of Justice in Washington, District of Columbia, beginning July 11, 1949 and continuing for forty-five working days from that date unless a different time is set by stipulation of the parties. Said inspection shall be made between the hours of 9 o'clock a. m. and 5 o'clock p. m., with the exception of Saturdays and Sundays;

3. The plaintiff may withdraw documents from the possession of defendants for the purpose of having them photostated and return them immediately thereafter, or the defendants at their election, may photostat such documents for plaintiff and at its expense;

4. That the taking of the deposition of the witness Sturzenegger heretofore authorized to be taken be suspended and that it be resumed twenty days after completion of the inspection and copying of documents by plaintiff as hereinbefore described, unless a different time is set by stipulation of the parties.

It Is Further Ordered, that the motion of defendants to order plaintiff to produce for inspection, copying and photographing all documents, not privileged, in its possession, custody or control, relevant to the issues in this case be, and it hereby is, granted in the following respects and subject to the following conditions:

1. That plaintiff shall produce and permit the inspection, copying or photographing of the following documents of I. G. Chemie and H. Sturzenegger & Cie.: (a) The some 700 jackets and 140 account books on the premises of I. G. Chemie and H. Sturzenegger & Cie., examined in the course of the investigation of the German character of I. G. Chemie by investigators of the Swiss Compensation Office in 1945 and 1946. (b) The lists of the some 2,500 original documents taken by investigators of the Swiss Compensation Office in 1945 and 1946 from the premises of I. G. Chemie and H. Sturzenegger & Cie. for submission to said Office.

2. The plaintiff shall produce and permit the inspection, copying or photographing by or on behalf of the defendants of the following documents of Osmon A. G.: (a) Documents referring to any time between January 1, 1939 and the present, relating to persons, entities or interests in enemy or enemy-occupied territory. Where such documents are produced, there shall also be produced all other documents, of whatever date, relating to that person, entity or interest. (b) Corporate minutes and by-laws, account books, financial statements, contracts and tax returns and all documents relating to the ownership and assets, direct and indirect, of Osmon, I. G. Chemie, H. Sturzenegger & Cie., General Aniline & Film Corporation, I. G. Farben, and their subsidiaries and affiliates.

3. Plaintiff shall not be required to produce any papers or documents which are the work product of any lawyer or other person employed by plaintiff to assist in the preparation of this case.

4. That said inspection and copying shall take place at the office of the plaintiff at No. 19 Peter Merianstrassee, Basle, Switzerland, commencing thirty days after the completion of the deposition of the witness Sturzenegger heretofore authorized to be taken unless a different time is set by stipulation of the parties. Said inspections shall be made between the hours 9 o'clock a. m. and 5 o'clock p. m. with the exception of Saturdays and Sundays, and said inspection and copying may continue for forty-five working days.

5. That the defendants may withdraw documents from the possession of the plaintiff for the purpose of having them photostated and return them immediately thereafter, or the plaintiff may, at its elec-

tion, photostat such documents for the defendants and at the expense of the defendants.

It Is Further Ordered, that the inspection, copying and photographing hereinbefore authorized shall take place in the presence of counsel for or representatives of the adverse parties unless agreement to the contrary is had between the parties.

It Is Further Ordered, that the motion of defendants that a Judge of this Court be designated to hear all preliminary motions and proceedings arising in this Court is denied, without prejudice to its being granted administratively upon application to the Pre-trial and Assignment Judge of this Court.