SOCIETE INTERNATIONALE POUR PARTICIPATIONS INDUSTRIELLES ET COMMERCIALES, S. A., et al. v. McGRATH et al.

Civ. A. No. 4360–48.

United States District Court
District of Columbia.

Feb. 15, 1951.

See, also, 90 F.Supp. 1011.

John J. Wilson, Washington, D. C., for plaintiff.

David Schwartz, Department of Justice, Washington, D. C., for defendants.

William P. MacCracken, Jr., Washington, D. C., for intervenor.

LAWS, Chief Judge.

Three motions are under submission to the Court for decision. 1. A motion to enjoin the Special Master appointed in this cause from considering a motion of defendants to dismiss the complaint for failure of plaintiff to produce papers of H. Sturzenegger & Cie in obedience to order of Court entered July 5, 1949; 2. A motion, filed November 28, 1950, to reconsider that portion of the said order of July 5, 1949, requiring production of records of H. Sturzenegger & Cie; and 3. Motion of intervenor Remington Rand, Inc., for an order staying final determination of defendant's aforementioned motion to dismiss the complaint.

Two related motions have been filed but have not been submitted on oral argument. They are (1) the above-mentioned motion of defendants to dismiss the complaint for failure to produce the Sturzenegger & Cie papers, and (2) a motion of Eric G. Kaufman and Aenni C. Kaufman to invoke sanctions, other than a dismissal of the complaint as sought by defendants, or in the alternative, to stay proceedings on defendants' motion to dismiss the complaint pending determination by appellate courts of the alleged rights of said Eric and Aenni Kaufman in the property which is the subject of this suit.

As pointed out in the written opinion of this Court of June 23, 1949, D.C.Cir., 9 F.R.D. 263, which decided a production

of the papers of Sturzenegger & Cie would be ordered, the claim in defense of this suit is that plaintiff was enemy owned, controlled and tainted at the time its property was vested, and that before the vesting, plaintiff had sought to conceal the true facts of its ownership and control by the use of subsidiaries and affiliates. One of the affiliates mentioned is the banking firm H. Sturzenegger & Cie. There is evidence that at all times material to this case H. Sturzenegger was the head of the banking firm bearing his name, and also was an active participant in managing the affairs of plaintiff. It obviously is of importance to a fair trial that defendants should be assured the right to inspect the Sturzenegger papers. Plaintiff has consistently contended it might not prove possible to produce such papers. For this reason, at the time the Court decided to order their production, it indicated that if it developed plaintiff, after bona fide efforts, was unable to produce the papers as ordered, further action by the Court might be considered.

On June 22, 1950, plaintiff filed a motion to be relieved from producing the Sturzenegger papers for inspection. This motion was based upon a statement that the Swiss Federal Attorney ordered such papers confiscated and had prohibited plaintiff from delivering them for inspection as had been ordered by this Court. There was no showing as to what efforts plaintiff had made to comply with the Court's order, nor was there any showing as to the legal finality of the action of the Swiss Federal Attorney. Plaintiff's motion was overruled.

On January 12, 1951, the day of the hearing of the motions now under submission before this Court, counsel for plaintiff submitted a copy of a note sent by the Swiss Minister to the Secretary of State of the United States indicating that the Attorney General of Switzerland had confiscated the Sturzenegger papers and had forbidden their production as ordered by this Court.

■ If plaintiff's motion for a rehearing is granted and upon such rehearing, the Court should rescind its order of July 5, 1949, to produce the Sturzenegger papers, all of the remaining motions will become moot. The Court therefore should first dispose of such motion for rehearing. But the record now before the Court is entirely inadequate to enable it to act upon such motion. There is no testimony as to what efforts were made by plaintiff to comply with the order of this Court. All that is known is that apparently one who is an executive officer in Switzerland has confiscated the Sturzenegger papers and has forbidden their production. It is not only acts of certain officials of Switzerland that are of concern to this Court. Perhaps of greater importance are the acts of plaintiff in endeavoring to comply with the Court's order. What were its efforts? Did it apply to the executive branch of the Swiss Government for permission to produce the papers, if so, to whom and what was the form of the application? Did it exhaust its efforts through the executive branch or is the Swiss Attorney General the one to make the final decision? Are there any instances where the Swiss law as to secrecy of records such as those of Sturzenegger & Cie have been waived? If so, by whom and under what circumstances, and did plaintiff seek such a waiver in the present case? Is the Attorney General correct, according to Swiss law, in confiscating the Sturzenegger papers and forbidding compliance with the order of this Court? Was it not possible for plaintiff to have recourse to the Swiss Courts to obtain the production required in this Court? If so, did plaintiff make an attempt to obtain relief from the Courts of Switzerland? These are some of the items of fact and of Swiss law which should be presented to this Court before it passes on plaintiff's motion for a rehearing. There may be many others.

■ It is difficult to conceive a more important question to be decided than now confronts this Court. The Courts of the United States customarily vouch safe access to pertinent evidence in the possession and under control of parties litigant. In this case, defendants, as well as plaintiff, have been and will be required to exhibit voluminous records under their con-

trol. Yet when plaintiff is required to make exhibit of certain records which may be of vital importance to the outcome of this case, records of an affiliate, the claim is made it should not be required because an executive of a foreign nation forbids it. It may be true (although the Court does not now decide) that a foreign nation, if it acts through its authorized representative, has the authority to defeat the customary procedures of United States Courts. But before this will be permitted, the courts of the United States will require the party litigant whose papers are withheld to show clearly that it has in good faith exhausted all reasonable efforts to make possible the carrying out of the usual court procedures.

The facts as to which this Court should be informed may more readily be ascertained by the Special Master than by a direct hearing in this Court. Conceivably they may be only fully available from records and witnesses in Switzerland. One of the principal reasons for the appointment of the Special Master was to make it possible for him to examine voluminous records and take testimony of witnesses in Switzerland which might not readily be produced in this country. Plaintiff has objected to this procedure in respect of the pending motions and seeks to have the Court enjoin the Master from taking such testimony. The claim is that the testimony relates to defendants' motion to dismiss the complaint in this case, which in effect seeks to adjudicate plaintiff in contempt of Court, and that in a contempt case, evidence must be received directly by the Court. But this argument does not apply to evidence applicable to plaintiff's motion to reconsider the Court's order to produce the Sturzenegger papers. As pointed out, if the Court on reconsideration should rescind its said order, defendants' motion to dismiss will become moot. On the other hand, if it develops the motion to reconsider is denied, the Court then may decide whether it will require evidence to be submitted directly to it in consideration of the motion to dismiss.

The Special Master will be ordered to take evidence as to the good faith of plaintiff in its efforts to comply with the order of this Court to produce the Sturzenegger papers, and report his conclusions to the Court for consideration in connection with plaintiff's motion to reconsider the Court's action of July 5, 1949.

Action on the remaining motions will be suspended.