In re AIR PASSENGER COMPUTER RESERVATION SYSTEMS ANTITRUST LITIGATION.

Nos. MDL 667, CV 84–8918–ER, CV 86–0696–ER and CV 86–0697–ER.

United States District Court, C.D. California.

May 6, 1986.

Maxwell M. Blecher, Blecher & Collins, Los Angeles, Cal., for U.S. Air.

Howard J. Privett, Ralph Zarefsky, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., Stephen G. Sawyer, United Air Lines, Inc., Elk Grove Village, Ill., Roberts B. Owen, Covington & Burling, Washington, D.C., for United Air Lines.

David Boies, Cravath, Swaine & Moore, New York City, Robert F. Hanley, Morrison & Foerster, San Francisco, Cal., for Continental Airlines, New York Air, Texas Air.

John J. Hanson, Robert E. Cooper, J. Edd Stepp, Jr., Gibson, Dunn & Crutcher, Los Angeles, Cal., for American Airlines, Inc.

William T. Bisset, Hughes, Hubbard & Reed, Los Angeles, Cal., for Continental Airlines.

## ORDER GRANTING MOTION TO COMPEL

RAFEEDIE, District Judge.

### INTRODUCTION

Plaintiffs' motion to compel production of civil investigative demand ("CID") deposition transcripts in possession of defendants came on for hearing March 17, 1986. The court heard oral argument and took the motion under submission.

Plaintiffs' motion presents the court with what is apparently an issue of first impression: "Are transcripts of depositions taken during a U.S. Department of Justice CID discoverable in private antitrust litigation when defendants have the transcripts in their possession?"

Plaintiffs argue that the transcripts are relevant and not privileged and therefore should be produced by defendants pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34. Defendants contend that CID depositions are taken as part of special governmental investigations and, by statute, are required to be kept confidential. Alternatively defendants contend CID deposition transcripts are analogous to grand jury transcripts and plaintiffs must show a particularized need before the court can order production.

## FACTS

In 1983 the Department of Justice began an investigation of computer reservation systems ("CRS") in the airline industry. As part of the investigation, officers and employees of defendants American Airlines ("American") and United Airlines ("United") were subpoenaed to testify at CID depositions. The witnesses obtained copies of the transcripts of their depositions and apparently turned over those transcripts to defendants American and United. In 1984 and 1985 these civil antitrust actions were filed against American and United by a group of airlines. In this motion, plaintiffs are seeking to compel production of the CID deposition transcripts that are in the possession of American and United.

## CIVIL INVESTIGATIVE DEMANDS

CID's are authorized by the Antitrust Civil Process Act, 15 U.S.C. § 1311 *et seq.* (hereinafter all Sections refer to 15 U.S.C. unless otherwise stated) and are considered by Congress to be "the basic investigative tools necessary for expeditious investigations into possible civil violations of the federal antitrust laws." H.R. No. 94–1343, U.S.Code Cong. & Admin.News 1976, pp. 2572, 2596 (hereinafter *"Legislative History "*). CID's allow the government to conduct pre-complaint antitrust investigations that procedurally fall somewhere in between ordinary civil discovery and grand jury investigations, but share more of the attributes of civil discovery. CID investigative tools are the "traditional and familiar features of federal civil litigation" that are "routinely available to any civil litigant." *Id.* As in ordinary discovery, witnesses may have counsel present during depositions, which is not the case when a witness is called before a grand jury. Section 1312(i)(7)(A). Congress gave "any CID witness an absolute right to inspect the transcript of his CID testimony. Significantly, no grand jury witness has such a right." *Legislative History* at 2609.

Finally, contrary to the assertions of defendants that CID depositions are "conducted without the traditional legal safeguards available under the Federal Rules of Civil Procedure," *Defendants' Opposition to Motion to Compel* at 8, CID investigations are governed by the Federal Rules of Civil Procedure and there are a multitude of grounds for objecting to CID inquiries. Section 1312(c)(1)(B); *Legislative History* at 2604–05. The 1976 amendments to the Antitrust Civil Process Act resolved the legal doubt about the applicability of the Federal Rules of Civil Procedure to CIDs "in favor of protecting CID recipients" permitting CID recipients to premise objections "under the grand jury standard and the civil discovery standard as well." *Legislative History* at 2604. For procedural reasons, the Federal Rules of Civil Procedure only apply to CID investigations when "appropriate and consistent with the provision and purposes of th[e] Act." Section 1312(c)(1)(B). This language, however, does not deny CID recipients the right to the "maximum protections" of the Federal Rules of Civil Procedure. *Legislative History* at 2606–07 (explaining why CIDs cannot be completely governed by the Federal Rules of Civil Procedure). In sum, CID recipients do have the same protections as witnesses in ordinary civil litigation because "the federal judiciary may treat objections to CIDs much like objections [to] civil discovery requests." *Legislative History* at 2606. Similarly CID witnesses may raise all the privileges witnesses in ordinary civil cases may raise because Congress "neither expand[ed] nor limit[ed] these privileges" when it established the CID process. *Legislative History* 2603.

Significantly, most of the "detailed safeguards" Congress built into the CID investigative process make CIDs more like civil discovery than grand jury investigations. These include right to counsel and the right to inspect and receive a transcript of testimony. Section 1312(i); *Legislative History* at 2597. What makes CIDs different from civil discovery is the absence of court supervision. Recognizing this, Congress provided a vehicle for CID recipients to object in court to all or part of a CID. Section 1314(b) and (c).

An additional safeguard is that CID investigations are closed to interested parties (*i.e.* targets who might become defendants in a civil action) and, although there are exceptions, the government generally cannot disseminate information gathered by CIDs to the public. CID investigative files are exempt from public disclosure under the Freedom of Information Act. Section 1314(g). Congress required "that strict confidentiality be accorded to all CID investigative files in order to protect the reputation and standing of witnesses, as well as their trade secrets and proprietary financial data." *Legislative History* at 2597. "CID materials may not be disclosed to persons outside the government without the consent of the provider [Section 1313]. This requirement was imposed to safeguard the rights of individuals under investigation and to protect witnesses from retaliation." *Illinois v. Abbott*, 460 U.S. 557, 103 S.Ct. 1356, 1363, 75 L.Ed.2d 281 (1983).

There are exceptions to the rule of strict confidentiality. Information gathered by a CID may be disclosed to and used by Department of Justice employees, congressional committees, and the Federal Trade Commission. Sections 1313(c)(3) and (d)(2). Information may be introduced into the record of agency, court, or grand jury proceedings. Section 1313(d)(1). In fact, substantial portions of the deposition transcripts from the computer reservation system CIDs (that plaintiffs seek in this motion) have already been made public, over the objections of defendants, by the Civil Aeronautics Board and the Department of Justice in a June 1, 1983 *Report to Congress on Airline Computer Reservations Systems.*

## TRANSCRIPTS HELD BY DEFENDANTS

It is clear that plaintiffs could not obtain the transcripts they seek or any other CID documents from the government. When CID investigations do not culminate in civil or criminal proceedings, which occurs in "about three-fourths of all CID investigations ... CID investigative files ... remain permanently confidential, and barred from public disclosure ..." *Legislative History* at 2610. The custodian of the transcripts at the Department of Justice is prohibited from providing plaintiffs with the transcripts or any other material in the CID investigative files. Section 1313.

Plaintiffs are not seeking the deposition transcripts from the Department of Justice custodian, they are seeking them from defendants. The statute is silent as to whether defendants have a right or a privilege to refuse production of the transcripts. Defendants contend that such a right or privilege of confidentiality can be inferred from the Legislative History, despite the silence of the statutory language. If CID investigative files are confidential, then the information in them should be confidential, even when held by someone else, defendants argue. At a minimum, defendants argue the court should infer a 'particularized need' requirement, analogous to the required showing that must be made before grand jury transcripts can be released. *See* Federal Rule of Criminal Procedure 6(e).

Information gathered by CIDs falls into two general categories—documents (i.e. sheets of paper that existed before the CID was issued) and transcripts (i.e. the transcripts of oral testimony; information produced as a direct result of a question asked by the government during a CID). The government is required to return documents to the producer when they are no longer needed. Section 1313(e). Transcripts of oral testimony also must be provided to the witness, whenever he or she requests a copy, unless the Assistant Attorney General objects. Section 1312(i)(6). Congress recognized that "[i]n most cases, the CID witness will ... routinely receive a copy of his (or her) transcript." *Legislative History* at 2609.

Defendants do not contend that the CID documents have attained confidential status as a result of the CID. They have apparently provided those to plaintiffs during discovery. Defendants argue, however, that CID transcripts should be treated differently and are confidential. Gener-

ally, the statute does not make the distinction between documents and transcripts defendants urge on the court. *But see* § 1313(c)(4). The custodian is prohibited from disclosing both documents and transcripts to the general public and both must be returned to the producer/witness when requested. "Documentary material" shall be returned. Section 1311(e). "Documentary material" includes "any product of discovery." Section 1311(g). "Product of discovery" includes "the original or duplicate of any deposition." Section 1311(i).

Defendants bear a heavy burden in attempting to convince the court that there is a privilege in the statute that Congress did not expressly provide for. Congress was aware that witnesses would have copies of their transcripts and that private civil suits might follow CID investigations. Nevertheless, Congress did not provide that the transcripts would not be discoverable in subsequent litigation. In fact, Congress recognized that information obtained during a CID investigation might well be disclosed. "Trade secrets may be obtained, but protective orders are available to guard against their prejudicial disclosure in subsequent proceedings." *Legislative History* at 2604. Under the heading "Right to Discover CID Information" Congress noted that if the government filed a civil action after a CID, defendants would have full discovery rights and could obtain all relevant CID information pursuant to Federal Rule of Civil Procedure 26(b)(1). This would include transcripts of third party CID witnesses. *Legislative History* at 2610. Congress expected crucial CID information to be obtained from reluctant third party witnesses, but nonetheless allowed full disclosure of that information to targets of CID investigations if civil actions were filed by the government. *Legislative History* at 2601-02.

## CONCLUSION

In sum, despite the statutory provision barring disclosure of CID investigative files by the custodian of such files at the Department of Justice, there are ways in which the documents and transcripts in those files can otherwise be made public absent a protective order. They may be made public during agency or congressional proceedings and, if litigation follows a CID, they are likely to be made public during subsequent discovery and court proceedings. CID witnesses therefore testify with the knowledge that while the Department of Justice custodian will not release their testimony to the general public, it may be disclosed during subsequent court, agency, or Congressional proceedings. Neither the statutory language nor the legislative history supports defendants' view that CID deposition transcripts are not discoverable when held by defendants in civil actions. While Congress could have created such a privilege, it did not do so. Similarly, Congress could have applied Federal Rule of Criminal Procedure 6(e) to CID transcripts, but it did not do so. The court cannot judicially create a particularized need standard as defendants urge.

The court's ruling that the transcripts in this case are discoverable does not mean that every CID witness' testimony can be obtained easily. In this case the witnesses obtained the transcripts and transferred possession to their employers, defendants in this action. If witnesses do not want transcripts of their testimony reviewed by plaintiffs in subsequent civil litigation, they have the option of not requesting transcripts or not retaining them.

Plaintiffs' motion to compel is GRANTED.

IT IS SO ORDERED.

The Court further orders the Clerk to serve copies of this Order on all parties by United States mail.