**In re DOMESTIC AIR TRANSPORTATION ANTITRUST LITIGATION.**

**This Document Relates To:**

**ALL ACTIONS**

**No. 1:90–CV–2485–MHS.**
**MDL No. 861.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 28, 1992.

See also 137 F.R.D. 677, 141 F.R.D. 534, 141 F.R.D. 556.

Michael Doyle, Alston & Bird, Atlanta Ga., for American Airlines, Inc.

Emmet J. Bondurant, II, Bondurant, Mixson & Elmore, Atlanta, Ga., for Delta Airlines, Inc.

Donald L. Flexner, Crowell & Moring, Washington, D.C., for Northwest.

Thomas Demitrack, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for Trans World Airlines, Inc.

W.T. Coleman, Jr., O'Melveny & Myers, Washington, D.C., for United Airlines, Inc.

Robert C. Heim, Dechert Price & Rhoads, Philadelphia, Pa., for USAir, Inc.

James A. Treanor, III, Dow, Lohnes & Albertson, Washington, D.C., for Airline Tariff Publications, Inc.

## ORDER

SHOOB, Senior District Judge.

Presently before the Court is plaintiffs' motion for an order requiring defendants to produce transcripts of civil investigative demand ("CID") depositions. For the reasons stated below the Court will grant in part plaintiffs' motion and will defer ruling on the remaining portion of plaintiffs' motion pending submission of information by defendants.

Plaintiffs seek an order requiring defendants to produce copies of transcripts of depositions currently being taken by the United States Department of Justice ("DOJ") in connection with DOJ's on-going investigation into possible price-fixing by the airlines. Defendants oppose the motion on the grounds that it (1) improperly attempts to circumvent the confidentiality provisions of the Antitrust Civil Process Act, 15 U.S.C. § 1311, *et seq.* (the "Act") and (2) seeks production of documents that are not in defendants' possession, custody, or control. Both sides argued their positions at a hearing on plaintiffs' motion on May 27, 1992.

Sections 1312–14 of the Act govern CIDs issued in civil antitrust investigations by the DOJ. Defendants contend that in the Act, Congress has deliberately and expressly provided confidentiality protection to witnesses compelled to testify pursuant to a CID and that plaintiffs' motion constitutes an improper attempt to circumvent the Act's protections. The Court does not agree that the Act provides the broad-reaching protection that defendants suggest.[1]

Under the Act, the antitrust investigator is prohibited from providing a copy of the transcripts to anyone other than the witness. 15 U.S.C. § 1312(i)(6) (1982). The Act further provides that "while in the possession of the custodian ... no transcripts of oral testimony, or copies thereof, so produced shall be available for examination, without the consent of the person who produced such material, answers, or transcripts." 15 U.S.C. § 1313(c)(3) (1982). In *In re Air Passenger Computer Reservation Systems Antitrust Litigation,* 116 F.R.D. 390 (C.D.Cal.1986), a California District Court considered whether these provisions of the Act permit civil discovery of CID deposition transcripts in the possession of defendants.

> Defendants bear a heavy burden in attempting to convince the court that there is a privilege in the statute that Congress did not expressly provide for. Congress was aware that witnesses would have copies of their transcripts and that private civil suits might follow CID investigations. Nevertheless, Congress did not provide that the transcripts would not be available in subsequent litigation. In fact, Congress recognized that information obtained during a CID investigation might well be disclosed.... Neither the statutory language nor the legislative history supports defendants' view that CID deposition transcripts are not discoverable where held by defendants in civil actions. While Congress could have created such a privilege, it did not do so.

*Id.* at 393. Finding no confidentiality protection that prohibited production, the court in *Air Passenger Computer Reservation Systems* ordered defendants to produce all CID transcripts within their possession.

Absent an express statutory prohibition to the contrary, this Court agrees that transcripts within defendants' possession may not be withheld. *See e.g. St. Regis Paper Company v. U.S.,* 368 U.S.

---

1. The Court previously found that in the absence of a specific articulation, the Act does not contain a privilege which entitles defendants to withhold CID documents and interrogatory responses. "The Court will not extend the privilege in the absence of a specific articulation in the governing statute providing for the protection that defendants seek." Pretrial Order No. 7, dated February 7, 1992, 5.

208, 218, 82 S.Ct. 289, 295, 7 L.Ed.2d 240 (1961) (no privilege for the reporter where Census Act contained prohibition only against disclosure by officials). There are no express protections or privileges provided by the Act; the government is merely prohibited from releasing the transcript without the consent of the witness. The statute provides no protection against release by any other party who has possession of the document. Accordingly, the Court will require defendants to produce to plaintiffs, at plaintiffs' expense, copies of any CID transcripts in defendants' possession.

The crux of the remaining dispute seems to be over the transcripts not in defendants' actual possession. Plaintiffs seek an order directing defendants to obtain CID transcripts from any employee or ex-employee who testified as a witness. Defendants insist that because they do not have a right under the Act to obtain the transcripts that a witness has not requested herself, they do not have "control" of the transcripts for the purpose of discovery.

■ Under Federal Rule of Civil Procedure 34, a party may discover documents "which are in the possession, custody or control of the party upon whom the request is served." A party need not have actual possession of the documents to be deemed in control of them. "The test is whether the party has a legal right to control them." *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420, 423 (N.D.Ill. 1977). In dictum, the court in *Air Passenger Computer Reservation Systems* suggested that witnesses who do not want transcripts of their testimony reviewed by

plaintiffs in subsequent civil litigation have the option of not ordering the transcripts. 116 F.R.D. at 393. The court, however, did not address the question of whether, in an appropriate case, an employee under the control of a corporate defendant could be ordered to obtain a copy of her transcript.[2]

Several courts have addressed the question of when an employee or ex-employee is within the control of a corporate defendant for the purpose of discovery under Rule 34. In *Herbst v. Able*, 63 F.R.D. 135 (S.D.N.Y. 1972), the court ordered the corporate defendant Douglas Aircraft to obtain copies of the SEC transcripts of its non-defendant employees after finding that Douglas' employees were persons within the corporation's control. *Id.* at 138.[3] Furthermore, the court in *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420 (N.D.Ill. 1977), held that plaintiffs could compel defendants to produce documents in the possession of current and *past* employees as to whom the defendants exercised some degree of control. The court found that the ability to withhold payment from those former employees who receive compensation from defendants "is clearly an indicia of control." *Id.* at 423.

■ The Court finds that Rule 34 requires defendants to produce the transcripts of those employees and ex-employees over whom defendants have control. In order to makes its determination of whether defendants actually control the witnesses, defendants must provide the Court with information concerning their relationship with the CID witnesses. After examining the information, the Court will

2. Nor did the court address the instance where defendants may have been instrumental in causing the transcripts not to be ordered for the purpose of precluding plaintiffs from obtaining this relevant material.

3. Defendants attempt to distinguish this authority on the grounds that the cases referred to dealt with investigations by the SEC pursuant to regulations different from those that govern the DOJ's antitrust investigation. The Court finds, however, that the SEC regulations and the Civil Antitrust Act are substantially similar. The SEC restricts attendance at formal investigative pro-

ceedings; in depositions taken by the SEC, only the witness, his counsel, the investigating officer and a court reporter are permitted to be present. *See* 17 C.F.R. §§ 203.5 & 203.7(b). Under SEC regulations, the witness is the only person entitled to receive a copy of his testimony and depositions are deemed non-public. *See* 17 C.F.R. § 203.6. Furthermore, courts interpreting SEC policies have found that the SEC will only supply a transcript of testimony to the witness. *Herbst*, 63 F.R.D. at 137. These protections mirror those provided by the Antitrust Act.

determine from which witnesses, if any, defendants must obtain transcripts.[4]

Accordingly, the Court DIRECTS defendants to provide copies of all CID transcripts within their possession at plaintiffs' expense. Additionally, the Court DIRECTS defendants to:

1. Furnish a list of complete names and addresses of all current and former employees who are known CID witnesses, including their current or former position, and a brief description of their duties;

2. Designate which witnesses were briefed by a company representative or counsel prior to the CID deposition or debriefed after the deposition, as well as the dates of the briefings;

3. Indicate whether the witness was represented by counsel and state whether counsel was recommended, retained, or paid for by a company representative or counsel;

4. Indicate whether a representative of defendant or defense counsel spoke with the witness concerning the possibility of ordering a copy of their CID transcript, the date of the conversation, and the identity of the representative or counsel.

Defendants are directed to file this information with the Court within 10 days of the date of this order. The Court DEFERS ruling on the remainder of plaintiffs' motion pending defendants' submission.

IT IS SO ORDERED.

**4.** Defendants argue that the Court cannot require them to coerce the witness to create a document that is not already in existence. If the Court finds certain witnesses to be within the control of defendants, any order directing the production of transcripts will in no way amount to a requirement that defendants coerce their present or former employee to create documents. On the contrary, defendants will merely be required to request, as an employer, that the witness order a copy of the transcript of testimony that was given as a result of her relationship with the corporation. The witness will not be required to create a document, there will be no coercion, and all costs will be borne by plaintiffs.