**8 IN 1 PET PRODUCTS, INC., a corporation of New York, Plaintiff,**

v.

**SWIFT & CO., a corporation of Illinois, Defendant.**

United States District Court
S. D. New York.
April 23, 1963.

Burgess, Dinklage & Sprung, New York City, Arnold Sprung, New York City, of counsel, for plaintiff.

Nims, Halliday, Whitman, Howes & Collison, New York City, Bert A. Collison, New York City, of counsel, for defendant.

McLEAN, District Judge.

This is an action for trade mark infringement and unfair competition. Plaintiff has moved under Rule 34 to require defendant to produce documents described in fifteen separate items. As to nine of those items plaintiff is satisfied with defendant's compliance. As to Items 1, 2, 11 and 12, plaintiff claims that the documents produced are not responsive. Defendant claims that it has no documents other than those produced. As to Items 4 and 13, defendant claims that the documents are privileged and that no good cause has been shown for their production. The two documents with respect to which privilege has been asserted were submitted by defendant to the court for examination.

Item 4 seeks "all documents pertaining to or constituting an opinion concerning the defendant's right and any possible conflict that might arise in connection with the use of the word CRUNCHERS other than those in preparation of the instant litigation." The document for which defendant asserts a privilege is an opinion letter by defendant's "house counsel" relating to defendant's right to use the alleged infringing trade mark on its product. Upon examination of this document, it is clear that it is based, in part at least, upon a confidential communication from an officer of defendant to counsel. The law is settled that the advice of counsel based upon the confidential communications of a client is privileged. Georgia-Pacific Plywood Co. v. United States Plywood Corp., 18 F.R.D. 463 (S.D.N.Y. 1956); 8 Wigmore, Evidence § 2320 (McNaughton Rev.1961).

It is also clear that legal advice rendered to a corporation by an attorney in its employ falls within the attorney-client privilege. Georgia-Pacific Plywood Co. v. United States Plywood Corp., supra; United States v. United Shoe Ma-

**254**

chinery Corp., 89 F.Supp. 357 (D.Mass. 1950).

Plaintiff cites the recent decision in Radiant Burners, Inc. v. American Gas Association, 207 F.Supp. 771 (N.D.Ill. 1962), which held that a corporation is not entitled to claim the attorney-client privilege. In view of the many decisions to the contrary in this and other jurisdictions, both before and after the decision in Radiant Burners, I decline to follow that decision. A. B. Dick Co. v. Marr, 95 F.Supp. 83 (S.D.N.Y.1950); Georgia-Pacific Plywood Co. v. United States Plywood Corp., supra; United States v. United Shoe Machinery Corp., supra; City of Philadelphia v. Westinghouse Electric Corp., 210 F.Supp. 483 (E.D.Pa.1962); American Cyanamid Company v. Hercules Powder Company, 211 F.Supp. 85 (D.Del.1962).

Defendant's claim of privilege in regard to Item 4 is therefore sustained.

■ Item 13 seeks "all documents with respect to the product Crunchers arising between the Brands Committee and the Pet Product Division." The document for which defendant asserts privilege is an interdepartmental memorandum from the Brands Committee of defendant to its Pard Department. This document is clearly not a communication of a client to a lawyer or of a lawyer to his client. An interdepartmental memorandum of a large corporation does not fall within the definition of communications protected by the attorney-client privilege. United States v. Aluminum Company of America, 193 F.Supp. 251 (N.D.N.Y.1960). See 8 Wigmore, Evidence § 2292 (McNaughton Rev. 1961).

Defendant's claim of privilege as to Item 13 is therefore overruled.

The document appears to be relevant. Consequently, good cause for its production has been shown and the document must be produced. American Cyanamid Company v. Hercules Powder Company, supra.

As to Items 1, 2, 11 and 12, defendant is directed to produce all documents coming within the description of those items which are in its possession or under its control. If there are no such documents other than those already produced, defendant may so state under oath, and such a statement shall be sufficient compliance.

So ordered.