**AMERICAN PRESIDENT LINES**

v.

**HARTFORD FIRE INSURANCE COMPANY et al.**

v.

**S/S OREGON MARU and Kawasaki Kisen KK.**

**Civ. A. No. 70–919.**

United States District Court,
E. D. Pennsylvania.

**Sept. 23, 1971.**

Thomas E. Byrne, Krusen, Evans & Byrne, Philadelphia, Pa., for American President Lines.

William R. Deasey, Philadelphia, Pa., for Hartford Fire Ins. Co.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter is before the Court on the application of Kawasaki Kisen KK, third-party defendant in Civil Action No. 70–919, for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. The documents sought were ordered produced for the benefit of defendant Hartford Fire Insurance Company by the Court on July 22, 1971, when plaintiff filed no answer or objection to said defendant's motion.

Third-party defendant argues in essence that documents made available to one party to a suit must be made available to all parties. In this reasoning we concur.

Our search of the applicable case law uncovered no case precisely on this point; however, the law is clear that Rule 34 is to be liberally construed. Buckley v. Vidal, 50 F.R.D. 271 (S.D.N.Y.1970); Goldman v. Checker Taxi Co., 325 F.2d 853 (7th Cir. 1963). Moreover, in other areas of discovery all parties are allowed access to discovered material. Thus, for example, answers to interrogatories are filed of record and are thereby available to all parties. Rule 33, Federal Rules of Civil Procedure. Consequently, to keep discovery rules consistent we must conclude that plaintiff, in waiving its objections to the production of documents as to the defendant, has also waived its objections as to the third-party defendant.

We reach this conclusion despite the fact that no motion was filed by the

third-party defendant in accordance with Local Rule 36. In the instant case plaintiff was given oral notice of defendant's request for production of documents at a settlement conference in Chambers on September 3, 1971. Moreover, when the defendant's request was received on September 9, 1971, plaintiff was notified by phone that it would be given one week to file any objections to said request, of which it had a copy. Consequently, plaintiff cannot complain that it was prejudiced by defendant's failure to strictly adhere to Local Rule 36.

Accordingly, we enter the following Order:

## ORDER

And now, to wit, this 23rd day of September 1971, it is hereby ordered that the plaintiff within five (5) days of the date hereof make available for inspection and copying all documents which the Court previously ordered produced, and which were produced, on the Motion of Hartford Fire Insurance Company, et al., under Order of July 22, 1971.