See also, D.C. 49 F.R.D. 286.

**Mac HERBST et al., Plaintiffs,**

**v.**

**Charles R. ABLE et al., Defendants (and four other actions consolidated therewith for purposes of pre-trial discovery).**

**No. 66 Civ. 3216.**

United States District Court,
S. D. New York.

May 18, 1972.

Robert B. Block, Pomerantz, Levy, Haudek & Block, New York City, for plaintiffs.

Haliburton Fales, II, White & Case, New York City, for defendants.

*Memorandum Opinion on Motion to Produce*

MOTLEY, District Judge.

Plaintiffs seek an order requiring certain named defendants and certain present and former employees of defendant Douglas Aircraft Company to procure for inspection and copying transcripts of testimony given by these persons at a private hearing conducted by the Securities and Exchange Commission in 1967. (Rules 34 and 37, Fed.R. Civ.P.)[1]

In these consolidated actions one of plaintiffs' pivotal claims is that certain statements made by defendants in connection with the sale of Douglas debentures in 1966 relating to the 1966 net income prospects of Douglas were false and misleading.

In 1967, shortly after defendant Douglas suffered severe financial losses, the SEC conducted investigations at which the persons whose testimony is now sought testified. Some of the SEC hearings and investigations were private and some were public. Plaintiffs have copies of the public testimony.[2]

Most of these persons whose testimony is sought have already been examined by plaintiffs at pretrial depositions about the pivotal claims of plaintiffs.

1. Plaintiffs' motion was made after an informal conference with the court failed to resolve the issue.

2. Apparently, some of the persons whose private testimony is now sought did not also testify publicly.

However, it is undisputed that these witnesses testified before the SEC about these pivotal claims and matters relevant to the instant lawsuit.

The defendants and others whose testimony is sought object via counsel for Douglas to production of their private testimony on several grounds: 1) the defendants have never had copies of the transcript in their possession and have never seen these transcripts; 2) plaintiffs have already had extensive discovery along the same lines; 3) the SEC has waived its privilege only with respect to the testimony of defendant Donald W. Douglas, Jr.; 4) only three of the persons whose testimony is sought are defendants in the action and one is neither a defendant nor employee at this time at Douglas; 5) plaintiffs have made absolutely no showing that any witness has been unduly forgetful in his pretrial testimony thus far; 6) the sole basis for seeking these transcripts is the hope that some witnesses might have been asked the same question on two different occasions and might have given different answers; 7) the information originally given to the SEC was confidential; and 8) counsel present at those interviews had no opportunity to object to improper questions or otherwise protect the witness.

■ Plaintiffs wrote a letter to the SEC apparently requesting a copy of the transcript of Donald W. Douglas, Jr. and a list of the witnesses who testified at the private SEC hearings in 1967. In its reply letter dated April 11, 1972, which is attached to the moving affidavit, the SEC advised plaintiffs' counsel that "it is the Commission's policy not to make the transcript of a witnesses [sic] testimony in a private investigation available to private litigants." It noted, however, that under the Commission's rules, Rule 6, 17 C.F.R. 203.6, "each witness is entitled to a transcript of his own testimony." The SEC then advised plaintiffs' counsel that "by utilization of the discovery procedures avail-

able" they could "seek disclosure of the transcript from Donald W. Douglas, Jr. personally." It continued, "The Commission has employed this procedure rather than permit direct disclosure of the testimony to private litigants in order to insure that the witness will have an opportunity to present to the court in which your action is pending any objections which he may have to disclosure of his testimony. At this time Donald W. Douglas, Jr. has not requested a transcript of his own testimony."

The SEC also furnished plaintiffs' counsel with a list of all persons who testified at the 1967 private hearings. This list is attached to the SEC April 11, 1972, letter.

At a pretrial conference on this issue the parties advised the court that discovery procedures had been underway in this court for some time and that such disclosures had proceeded on a completely voluntary and cooperative basis. However, the request for the SEC private transcripts was resisted by Douglas. The court is now advised by plaintiffs' counsel that other defendants, namely Merrill, Lynch, have furnished plaintiffs with copies of the private testimony of their employee. These Merrill, Lynch employees, the court is advised, were represented by counsel at the private hearings and were advised by the SEC's counsel of their Fifth Amendment right not to incriminate themselves.

It is clear from the SEC letter of April 11, 1972, that SEC has no objection to making available to Donald W. Douglas, Jr., a copy of the transcript of his testimony. More significantly, SEC expressed no desire to keep any portion of Mr. Douglas' testimony secret or confidential. Mr. Douglas' claim here of confidentiality is, therefore, without merit. LaMorte v. Mansfield, 438 F.2d 448 (2d Cir. 1971). He will be directed to secure a copy of his transcript from the SEC, together with the related exhibits, and turn it over to plaintiffs' counsel for inspection and copying at

plaintiffs' expense. In Matter of Four Seasons Security Laws Litigation, 54 F. R.D. 527 (D.Okl.1972).

■ The other defendants and the non-defendant employees of Douglas, listed in plaintiffs' notice of motion, will be required to do likewise. Rule 34(a) plainly provides that a party may request another party to produce any designated document which is within the possession, custody or control of the party of whom the request is made. Plaintiffs, consequently, may request Douglas to have its non-defendant employees procure copies of their private testimony before the SEC so that Douglas may give same to plaintiffs. Plainly Douglas' employees are persons within its control. The testimony of these employees relates to Douglas' affairs. Compare Hanson v. Gartland Steamship Co., 34 F.R.D. 493, 495–496 (D.Ohio 1964) (documents in possession of party's attorney); Societe Internationale v. Clark, 9 F.R.D. 263, 265 (D.D.C.1949) (documents in possession of subsidiary corporation).

■ Before turning their testimony over to plaintiffs' counsel, the witnesses will be given a reasonable opportunity to review their testimony and any related exhibits and to make any corrections of typographical errors found in the transcript with the Commission's approval. The witnesses must then promptly turn over their testimony to plaintiffs' counsel or they must promptly move for a protective order before this court, if so advised, with respect to any matter contained therein or any exhibit. Rule 26(c), Fed.R.Civ.P.

It is to be expected, of course, that the witnesses will advise the court as to any objections to disclosure which the SEC might have. It seems clear, however, that if the SEC had any such objections it would have advised plaintiffs' counsel on turning over to them the list of witnesses in the private investigation.

■ Only one witness whose testimony is sought, Harry H. Mitchell, is no longer an employee of Douglas. There is no assertion in the answering papers that Mr. Mitchell is unwilling to cooperate with Douglas in securing a copy of his testimony, in reviewing that testimony with it for accuracy, and in making any objections he may have to turning over his testimony to plaintiffs' counsel via counsel for Douglas. Douglas will, therefore, be required to produce a copy of Mr. Mitchell's testimony.[3]

■ There is no longer any requirement in Rule 34 that a party requesting another party to produce documents for inspection and copying show good cause for such request. It is only necessary that the party requesting such production show that the documents are relevant to the subject matter involved in the pending action. Fed.R.Civ.P., Rule 26(b)(1). No other showing is required. Once released by the SEC, the testimony of a witness at a private SEC hearing is the same as any other prior statement made by a party or witness. LaMorte v. Mansfield, *supra,* 438 F.2d at 451.

The motion is granted.

Submit order on five days' notice.

---

3. If Mr. Mitchell is, in fact, uncooperative, plaintiffs must file a new motion for an order directing Mr. Mitchell to procure a copy of his testimony.