**In re Stephen J. WEISS, Petitioner.**

**No. 79-1192.**

United States Court of Appeals,
Fourth Circuit.

Submitted March 26, 1979.

Decided April 19, 1979.

Robert B. Hirsch, Reed L. von Maur, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., on brief for petitioner.

Justin W. Williams, Asst. U. S. Atty., Nash W. Schott, Asst. U. S. Atty., Alexandria, Va., on brief for the government.

Before BUTZNER, RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

Stephen J. Weiss, an attorney, petitions the court for a writ of mandamus directing the Honorable Albert V. Bryan, Jr., United States District Judge for the Eastern District of Virginia, to vacate his order of March 20, 1979, compelling Weiss to testify before the grand jury in the matter of *United States v. John Doe # 228.* The government moved the district court to compel Weiss to testify after he had invoked the attorney-client privilege in response to certain questions which he was asked before the grand jury.

On March 14, 1979, the court conducted a hearing in which the following facts were adduced. Weiss had previously represented Research Homes, Inc. (RHI) and James W. Dyer, chairman of the board of directors of

RHI, with regard to securities matters. On January 16, 1976, Weiss testified before the Securities and Exchange Commission (SEC) in a private investigative proceeding at which both RHI and Dyer were represented by counsel. Counsel for RHI and Dyer waived the attorney-client privilege with regard to Weiss' testimony before the SEC.

Weiss contends that the waiver of the attorney-client privilege was not a blanket waiver, but rather was limited to the proceeding before the SEC. The district court held, however, that this waiver was not limited to the SEC proceeding and, consequently, that Weiss could be questioned by the grand jury regarding the areas and subject matter touched on by his testimony before the SEC and the circumstances surrounding the documents mentioned and discussed by him at that proceeding.

 We note at the outset that the appropriate manner in which to challenge error or abuse of discretion on the part of district judges in dealing with grand jury investigations is through a petition for a writ of mandamus. *In re Grand Jury Subpoenas, April, 1978, at Baltimore,* 581 F.2d 1103, 1106 (4th Cir. 1978). It is well settled, however, that courts should not interfere with the grand jury process absent compelling reason. *United States v. Dionisio,* 410 U.S. 1, 16–18, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973); *In re Grand Jury Subpoenas, April, 1978, at Baltimore,* 581 F.2d at 1108.

■ Having reviewed the papers submitted in support of the petition, we find no compelling reason in this case to interfere with the grand jury process. This is especially true since the grand jury is already in possession of a transcript of Weiss' testimony before the SEC and of documents which were furnished and commented on by him at that proceeding.

Weiss relies on *Diversified Industries, Inc. v. Meredith,* 572 F.2d 596, 606 (8th Cir. 1978) (en banc), which held that a client's voluntary disclosure of privileged material in a private SEC investigation constituted only a limited waiver of the attorney-client privilege. That case involved a request for discovery in private litigation in which privileged material disclosed to the SEC was sought to be used against the party which had yielded it to the agency. Since *Diversified* did not require judicial intervention in the grand jury process, we do not find it to be controlling here. *Cf. In re Penn Central Commercial Paper Litigation,* 61 F.R.D. 453 (S.D.N.Y.1973) (privilege held to be waived).

Accordingly, the petition for a writ of mandamus is denied.