Lewis H. BIBEN, et al., Plaintiffs,

v.

Harold E. CARD, et al., Defendants.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Plaintiff,

v.

Ronald R. WALKER, et al., Defendants.

Mary Lou SULLIVAN, et al., Plaintiffs,

v.

FIRST AFFILIATED SECURITIES, INC., et al., Defendants.

Nos. 84–0844–CV–W–6, 84–1093–CV–W–6 and 85–1302–CV–W–6.

United States District Court, W.D. Missouri, W.D.

Nov. 6, 1987.

Jack Corinblit, Marc M. Seltzer, Corinblit & Seltzer, Los Angeles, Cal., Herbert E. Milstein, Lisa M. Mezzetti, Kohn, Milstein, Cohen & Hausfeld, Arthur M. Schwartzstein, Washington, D.C., Robert C. Gordon, Gordon & Whitaker, Kansas City, Mo. (David H. Weinstein, Barbara A. Podell, Kohn, Savett, Marion & Graf, P.C., Philadelphia, Pa., of counsel), for plaintiffs in No. 84–0844–CV–W–6.

C. Edward Simpson, Jones, Bell, Simpson & Abbott, Los Angeles, Cal., for Jallow in No. 84–0844–CV–W–6.

Clark Waddoups, Rooker, Larson, Kimball & Park, Salt Lake City, Utah, for Redd in No. 84–0844–CV–W–6.

Reggie C. Griffin, John R. Bancroft, Larry W. Joye, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., for Compton in No. 84–0844–CV–W–6.

Colvin A. Peterson, Stephen W. Grow, Brian D. Williams, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for Wright and Wright, Herfordt & Sanders in No. 84–0844–CV–W–6.

Lawrence M. Berkowitz, George E. Feldmiller, Don M. Downing, Stinson, Mag & Fizzell, Kansas City, Mo., for Peat, Marwick, Mitchell & Co.

Sheldon G. Bardach, Los Angeles, Cal. and Frederick Beihl, Shook, Hardy & Bacon, Kansas City, Mo., for Keil and Financial Communications Group in No. 84–0844–CV–W–6.

Ronald R. Walker, pro se, in No. 84–0844–CV–W–6.

Van Oliver, Akin, Gump, Struss, Hauer & Feld, Dallas, Tex., for Process Management Co., Inc. in No. 84–0844–CV–W–6.

William H. Sanders, Sr., Benjamin F. Mann, Blackell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., Kenneth A. Sagat, Sanford Victor, D'Amato and Lynch, New York City, for plaintiffs in No. 84–1093–CV–W–6.

James F. Duncan, Brian D. Williams, Stephen W. Grow, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for Wright in No. 84–1093–CV–W–6.

Alvin Shapiro, Kansas City, Mo., for Tierney in No. 84–1093–CV–W–6.

Laurence R. Tucker, Morris, Larson, King, Stamper & Bold, Kansas City, Mo., for Jallow.

Robert C. Gordon, Gordon & Associates, P.C., Kansas City, Mo., for L. Biben, Beverly Biben, Bradley Biben, Kapnistos, Black, Leff, Fisher, Weinstein, Nugit, Clements, in No. 84–1093–CV–W–6.

Stephen C. Block, DeHardt & Block, Independence, Mo., for Midwestern Co., Inc., in No. 84–1093–CV–W–6.

Bruce R. MacLeod, Andrew P. Bridges, Farella, Braun & Martel, San Francisco, Cal., for plaintiffs in No. 85–1302–CV–W–6.

Kevin K. Fitzgerald, Los Angeles, Cal., for First Affiliated Securities, Inc., Larry Gibson, Raymond Jallow in No. 85–1302–CV–W–6.

John J. Kitchin, Richard K. Andrews, Louise L. Lusas, Swanson, Midgley, Gangware, Clarke & Kitchin, Kansas City, Mo., for Harold E. Card.

Stephen M. Colangelo, McGuire Woods Battle & Boothe, Washington, D.C., Patrick K. McMonigle, Kansas City, Mo., for Ronald R. Walker in No. 85–1302–CV–W–6.

Colvin A. Peterson, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for Carl E. Wright, Wright, Herfordt & Sanders in No. 85–1302–CV–W–6.

Paul H. Niewald, Raymond L. Dahlberg, Terry L. Karnaze Niewald, Waldeck, Norris & Brown, Kansas City, Mo., for Thomas Tierney and Tierney & Ernst.

Thomas M. Bradshaw, Walter J. Kennedy, Joseph M. Chiarelli, Hoskins, King, McGannon & Hahn, Kansas City, Mo., for Ira W. Palmer and William H. Palmer.

Dale A. Kimball, Robert S. Clark, Larsen, Kimball, Parr & Crockett, Salt Lake City, Utah, for John P. Redd in No. 85–1302–CV–W–6.

Morrison, Hecker, Curtis, Kuden & Parrish, Kansas City, Mo., for Tim D. Compton in No. 85–1302–CV–W–6.

Shook, Hardy & Bacon, Kansas City, Mo., for Paul J. Keil and Financial Communications Group, Ltd. in No. 85–1302–CV–W–6.

## MEMORANDUM AND ORDER

SACHS, District Judge.

On October 27, 1986, defendants Ira W. Palmer and William H. Palmer filed their Motion to Compel Defendants Peat, Marwick, Mitchell & Co.; Carl E. Wright; Wright, Herfordt & Sanders; Thomas W. Tierney; Tierney & Ernst; Raymond Jallow, Larry Gibson; John P. Redd; Ronald R. Walker; Paul J. Keil and Financial Communications Group, Ltd. to Answer Interrogatories and Produce Transcripts of Testimony Given in Connection with Investigation by the Securities and Exchange Commission. In support of their motion, defendants urge the court that testimony given to the SEC is discoverable and that production of the documents and testimony of the above-named defendants in *In re The Midwestern Companies, Inc.*, SEC File No. HO–1615, would be in the interest of justice and judicial economy. During the period allowed by the court for briefing by the various interested parties, defendants Palmer moved the court, on November 17, 1986, for a protective order that would (a) prohibit the taking of the deposition of any party who had given testimony to the

SEC concerning the Midwestern Companies until all parties had had an opportunity to obtain and review said transcripts; (b) adopt the testimony before the SEC of any defendant who produced his SEC transcript (prior to being deposed in this action), as a deposition taken in these cases, and limit the scope of any subsequent deposition of said witness herein to necessary supplementary examinations; and (c) designate each SEC transcript produced herein by the Palmers a confidential document not to be disclosed outside the instant litigation.

As the Palmers' Motion to Compel was not yet ready to rule, the court issued its Order of December 1, 1986, partially granting the Palmers' Motion for Protective Order by staying the depositions of all persons from whom the Palmers were seeking an SEC transcript until such time as all parties had had an opportunity to respond to the Motion to Compel. In March 1987, the Biben plaintiffs requested that the court lift the stay, but defendants Palmer, while joining plaintiffs in seeking prompt resolution of the Motion to Compel, urged the court not to lift the stay until the motions were ruled. While other responsibilities have unfortunately delayed a ruling, the court, after hearing from the various counsel present at the October 17, 1987, meeting of liaison counsel in the loosely related Ethanol Plants Securities Litigation, MDL 679, recognizes the need to give priority to ruling the Palmers' Motion to Compel.[1] For the reasons set out below, therefore, the court now grants in part the Palmers' Motion to Compel.

## BACKGROUND

Pursuant to subpoena, William H. Palmer and Ira W. Palmer gave testimony and produced documents to the SEC in *In re The Midwestern Companies, Inc.,* SEC File No. HO–1615. Both Palmers were questioned extensively by counsel for the SEC concerning their involvement with Midwestern, and both subsequently requested transcripts of their testimony. William Palmer's transcript contains 206 pages while the four volumes of Ira Palmer's transcript total 632 pages.

Plaintiffs in the above-styled actions served defendants with a request to produce transcripts of testimony given to the SEC. Pursuant to that request, defendants Palmer produced their transcripts, but numerous other defendants objected to plaintiffs' request.[2]

When a period of time had passed without plaintiffs making a formal effort to move to compel production from objecting defendants, the Palmers filed their own interrogatories and request for production to objecting defendants seeking to ascertain whether they had given testimony to the SEC in connection with the investigation of Midwestern and requesting production of any transcripts and exhibits. *See* Palmers' Application for an Order to Compel Production, Exhibits A and B. As objecting defendants have continued to resist producing these documents, defendants Palmer seek an order of this court compelling their production.

---

1. The delay in processing this litigation is to be regretted, but much of the pertinent "story" is believed to have been disclosed in concurrent criminal cases, and the court urges the parties to avoid overpreparation.

2. For the sake of brevity, defendants Peat, Marwick, Mitchell & Company ("PMM"), Carl E. Wright, Wright, Herfordt & Sanders ("WHS"), Thomas W. Tierney, Tierney & Ernst, Raymond Jallow, Larry Gibson, John P. Redd, Ronald R. Walker, Paul J. Keil and Financial Communications Group, Ltd. ("FCG"), who are the subject of the Palmers' motion, will be referred to collectively as "objecting defendants."

Harold Card has produced a transcript of his testimony pursuant to the Palmers' request, Tim Compton has represented that he will sign the necessary consent form to permit his transcript to be obtained and First Affiliated Securities ("FAS") has indicated that Larry Gibson was its only employee interrogated by the SEC. Jallow and Gibson have indicated they do not oppose the exchanging of SEC transcripts by *all* parties, including the nonparty witness SEC transcripts possessed by plaintiffs. Redd would agree to permit his SEC transcript to be obtained if Palmers agreed to pay the costs associated therewith and Redd is permitted to review the transcript before production to allow him to raise any other objection he might have as a result of said review. All other defendants have indicated that they will either stand on their objections as filed, or not voluntarily sign the necessary forms to permit their transcript to be obtained.

## DISCUSSION

### Production of Transcripts

A motion for the production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure is entitled to broad and liberal treatment. *Goldman v. Checker Taxi Co.*, 325 F.2d 853 (7th Cir. 1963); *M.L.C., Inc. v. North American Philips, Inc.*, 109 F.R.D. 134 (S.D.N.Y. 1986); *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420 (N.D.Ill.1977); *American President Lines v. Hartford Fire Insurance Co.*, 55 F.R.D. 61 (E.D.Pa. 1971). Documents need not be in a party's possession to be discoverable; they need only be in the party's custody or control. *Folding Carton Antitrust Litigation*, 76 F.R.D. at 423 ("It is well settled that a party need not have actual possession of documents to be deemed in control of them.")

Control includes the legal right of the producing party to obtain documents from other sources upon demand. *See Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir.1984). A party may be ordered to produce documents where that party has the legal right to obtain the documents, even though that party retains no copy, and regardless of whether the documents are beyond the jurisdiction of the court. *Zervos v. S.S. Sam Houston*, 79 F.R.D. 593, 595–96 (S.D.N.Y.1978); *Buckley v. Vidal*, 50 F.R.D. 271, 274 (S.D.N.Y.1970).

The term "control" is broadly construed. In *Herbst v. Able*, 63 F.R.D. 135 (S.D.N.Y. 1972), the court ordered a corporate defendant to produce transcripts of former and present employees' testimony before the SEC, even though the corporation could only obtain transcripts from the SEC if the employee requested it. The court found that the corporation's employees were "persons within its control" and that the corporation was obligated to produce the documents. *Id.* at 138. *See also Hanson v. Gartland Steamship Co.*, 34 F.R.D. 493, 496 (N.D.Ohio 1964) (Whether documents in the possession of a party's attorney are under the control of the party is resolved by discerning their origin. "If the items were originally produced by the party or his agents, and then turned over to the attorney, they are considered under the party's control.")

Rule 34 allows "any party" to request production of documents and things from "any other party." The scope of discovery permissible under this rule is defined by Rule 26. Discovery is not limited to matters that would be admissible at trial. Rather, any document or thing relevant to the subject matter involved in a pending action may be inspected pursuant to Rule 34 unless it 1) is privileged; 2) has been prepared in anticipation of litigation or for trial; 3) reveals facts known and opinions held by experts; or 4) would cause, by its inspection, annoyance, embarrassment, oppression, or an undue expense burden. 8 C. Wright and A. Miller, *Federal Practice and Procedure:* Civil § 2206 (1970).

Defendants Palmer, together with plaintiffs in this case, urge the court that transcripts of objecting defendants' testimony before the SEC must be produced because such transcripts fall within the scope of discovery as defined by Rule 26. The Palmers allege that testimony obtained by the SEC during investigation of Midwestern relates to the claims or defenses asserted in this action and is reasonably calculated to lead to the discovery of admissible evidence. In support of their assertions, the Palmers cite *Spencer v. Comserv. Corp.*, Case No. 4–84–794, slip op. (D.Minn. Oct. 28, 1985) [available on WESTLAW, 1985 WL 17510], in which Judge Rosenbaum overruled objections by defendants (including PMM, one of the objecting defendants in the instant case) and ordered them to produce their SEC transcripts.

*Spencer* defendants claimed that transcripts and related documents could not be disclosed because the SEC itself limited their disclosure. This claim was premised on an order form under the style of "Acme Reporting Co." which provided that "[p]urchaser agrees that he will not make, nor will he permit any other party to make, a ... facsimile copy of any transcript re-

ceived pursuant to this order." *See, Spencer,* slip op. at 3.

In an effort to determine whether the provision in the order form was a mandate by the SEC limiting disclosure, the *Spencer* court made inquiry to the SEC. The SEC responded that the language on the form in question did not constitute an SEC policy or regulation but rather was designed as to assure protection of the reporter's fee for making copies. The court determined that defendants were free to produce transcript copies already in their possession or to obtain additional copies from the reporter and, therefore, could not refuse to produce transcripts on the ground that the SEC had mandated their confidentiality.

Additionally, the *Spencer* defendants, like the objecting defendants in the instant action, refused to produce the requested documents claiming, among other things, that the information sought was protected by Rule 26(b)(3), attorney work product, and common-law attorney-client privilege.

Rule 501 of the Federal Rules of Evidence provides that "the privilege of a witness ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." The attorney-client privilege, which exists to encourage full and frank communication between attorneys and their clients, is the oldest of the privileges for confidential communications known to the common law. *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). Extension of the attorney-client privilege serves public ends by encouraging clients in need of legal advice to make full disclosure to their attorneys without fear that such communications will be discoverable. *Id.* For attorney-client communications to be protected by the privilege, however, the communication must be confidential. 8 J. Wigmore, *Evidence* § 2311 (1961). It is universally conceded that the moment confidence ceases, the privilege also ceases. *Id. In Penn Central Commercial Paper Litigation,* 61 F.R.D. 453 (S.D.N.Y.1973), the court noted:

It is hornbook law that the voluntary disclosure or consent to the disclosure of a communication, otherwise subject to a claim of privilege, effectively waives the privilege.... The theoretical predicate underlying all recognized privileges is that secrecy and confidentiality are necessary to promote the relationship fostered by the privilege. Once the secrecy or confidentiality is destroyed by a voluntary disclosure to a third party, the rationale for granting the privilege in the first instance no longer applies.

*Id.,* at 463-64 (footnotes and citations omitted); *accord In re Subpoenas Duces Tecum,* 738 F.2d 1367 (D.C.Cir.1984); *In re Sealed Case,* 676 F.2d 793, 809 (D.C.Cir. 1982); *Permian Corp. v. United States,* 665 F.2d 1214, 1221-22 (D.C.Cir.1981) (production of documents to SEC waived any protection from privilege); *In re Weiss,* 596 F.2d 1185, 1186 (4th Cir.1979) (waiver of attorney-client privilege before SEC was not limited to SEC proceeding); *Teachers Insurance & Annuity Association v. Shamrock Broadcasting Co.,* 521 F.Supp. 638, 642 (S.D.N.Y.1981) (disclosure to the SEC should be deemed waiver for all purposes unless the right to assert the privilege in subsequent proceedings is specifically reserved at the time disclosure is made); 8 J. Wigmore, *Evidence* § 2327 (1st ed. 1961). *But cf. Pritchard–Keang Nam Corp. v. Jaworski,* 751 F.2d 277 (8th Cir. 1984), *cert. dismissed,* 472 U.S. 1022, 105 S.Ct. 3491, 87 L.Ed.2d 625 (1985); *Diversified Industries, Inc. v. Meredith,* 572 F.2d 596 (8th Cir.1977) (en banc) (holding that for policy reasons communications between a corporation and outside legal counsel for the purpose of corporate housecleaning retained attorney-client privilege despite disclosure to the SEC); *Byrnes v. IDS Realty Trust,* 85 F.R.D. 679, 689 (S.D.N.Y.1980) (holding that voluntary submissions to agencies in separate private proceedings should constitute waiver only as to agency proceeding).

In the instant case, the Palmers take the position that objecting defendants' testimony is clearly discoverable and should be produced unless, in providing the transcript of testimony to an individual defendant, the

SEC places some restriction on its use. In support the Palmers cite *In re Four Seasons Securities Laws Litigation,* 54 F.R.D. 527 (W.D.Okla.1972), in which, at the invitation of the Court, the SEC filed an amicus curiae brief. The Commission's position was based upon Rule 6 of its Rules Relating to Investigations, 17 C.F.R. § 203.6, which then provided:

A person submitting documentary evidence or testimony in a formal investigative proceeding shall be entitled to procure a copy of his documentary evidence or transcript of his testimony on payment of the appropriate fees.[3]

*Id.* at 530 (quoting the SEC brief). Under Rule 6, as it was then worded, the position of the Commission was that it did

not purport to place any limitation upon the use of a transcript in the possession of the witness who gave testimony. Accordingly, the Commission [did] not object to the disclosure by a witness of a transcript of his testimony, when discovery is sought in civil litigation, irrespective of whether the witness may have obtained the transcript or is directed to do so by court order at the instance of a party to that litigation....

The Commission believe[d] that, when discovery is sought in civil litigation of transcripts of testimony given or documents submitted in a Commission investigation, the person who gave the testimony or supplied the document should be heard by the court if he opposes such discovery and that, in the event his objections are overruled, the person, if he does not then have the transcript or document sought, should apply for and obtain the transcript or document from the Commission pursuant to the Court's order. This procedure would afford a witness in a Commission investigation an opportunity to have the court hear any objections he may have, including those based on lack of relevancy or privilege (other than privilege on behalf of the Commission) under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

*Id.* at 530–31. The Court agreed with the SEC's position and stated that it would "therefore enter appropriate orders, giving effect to those views, with the right in any of the defendants to request appropriate protective orders with respect to individual items." *Id.* at 531. The defendants' objections based upon claims of privilege were overruled. *See also Herbst v. Able,* 63 F.R.D. 135 (S.D.N.Y.1972) (party ordered to obtain and produce a copy of the transcript of his SEC testimony).

Further, in their brief submitted in support of the Palmers' Motion to Compel, the Biben class plaintiffs assert that objecting defendants have waived any claim of privilege concerning the SEC transcripts and documents simply by voluntarily testifying pursuant to an SEC subpoena, even though the proceedings were non-public. *See In re Subpoenas Duces Tecum,* 738 F.2d at 1369, 1370; *Permian Corp.,* 665 F.2d at 1222; *In re Weiss,* 596 F.2d at 1186; *Penn Central,* 61 F.R.D. at 453.

The objecting defendants urge the court that to require them to produce documents and testimony they provided confidentially would substantially undermine the policy of encouraging full disclosure to the SEC. In support of their position, defendants rely upon the Eighth Circuit opinion in *Diversified Industries, Inc. v. Meredith,* 572 F.2d 596 (8th Cir.1977) (en banc), which squarely addressed the question of whether disclosure of confidential attorney-client communications in private SEC proceedings constitutes a waiver of that privilege. In that case, Diversified Industries hired an outside law firm to investigate Diversified's alleged establishment and maintenance of a "slush fund" to bribe purchasing agents and other business entities with

---

**3.** 17 C.F.R. § currently provides, in relevant part:

A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

whom Diversified dealt. The law firm was not otherwise employed to give legal advice to Diversified, nor was it employed to represent Diversified in any pending or potential litigation. The law firm issued a report to the Board of Directors concerning the results of its investigations. The Court held that this report, a letter and minutes of the Board referring to it were protected by the attorney-client privilege despite voluntary disclosure to the SEC. *Id.* at 611. In so holding, the Court stated that, "[t]o hold otherwise may have the effect of thwarting the developing procedure of corporations to employ independent outside counsel to investigate and advise them in order to protect stockholders, potential stockholders and customers." *Id.*

The Eighth Circuit's willingness to permit corporations to hire special independent counsel for the purpose of corporate housecleaning was also apparent in *Pritchard–Keang Nam Corp. v. Jaworski,* 751 F.2d 277 (8th Cir.1984), *cert. dismissed,* 472 U.S. 1022, 105 S.Ct. 3491, 87 L.Ed.2d 625 (1985). Again, a report by outside counsel to the Board of Directors was held protected by attorney-client privilege because to allow "disclosure of the report could deter such inquiries [into possible illegal corporate activities], which should not be chilled as a matter of policy." *Id.* at 284.

■ After thoughtful consideration of the arguments of the parties herein in light of relevant case law, it is the opinion of this court that if any information protected by attorney-client privilege was disclosed in the non-public SEC proceeding, then any such privilege was waived, unless the information involved was communicated to independent outside counsel for the purpose of assisting the Midwestern Companies in investigating their own alleged wrongdoing. If that condition has been satisfied, then the attorney-client privilege was waived only as to the SEC proceeding.

In the instant case, however, objecting defendants have made no claim that any portion of their testimony contained reference to reports by independent outside counsel for purposes of corporate house-cleaning. Instead, they simply make vague, meritless assertions of attorney-client privilege and argue that the documents and transcripts of testimony sought are also protected under the work product rule embodied in Rule 26(b)(3) which qualifiedly protects all documents "prepared or obtained because of the prospect [or existence] of litigation." 8 C. Wright and A. Miller, *Federal Practice and Procedure,* Civil § 2024 at 198 (1970). Since counsel for objecting defendants have obtained from the SEC copies of the transcripts specifically because of the existence of this case and the prospect of additional litigation, they contend that "there can be no question the transcripts constitute protected trial preparation materials under the literal terms of Rule 26(b)(3), Fed.R.Civ.P." *See* Memorandum of Defendant Peat, Marwick, Mitchell & Co. in Opposition to Application of Defendants Ira W. Palmer and William H. Palmer to Compel, at 9.

■ This contention is also without merit. While it may be true that counsel have obtained from the SEC copies of the transcripts specifically because of the existence of this case and the prospect of additional litigation, such transcripts contain statements concerning the action or its subject matter previously made by a party to the action. Such statements are obtainable by another party without a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. *See* Rule 26(b)(3), ¶ 2. The work product rule exists to protect "written statement, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties." *See Hickman v. Taylor,* 329 U.S. 495, 510, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947). Objecting defendants' SEC transcripts simply do not fit this description and are, therefore, not shielded from discovery under the attorney work-

product rule.[4]

### Costs of Production

Defendant John P. Redd opposes the Palmers' Motion to Compel because he is not in possession of a transcript of his SEC testimony. He contends that it would be expensive,[5] oppressive and burdensome to procure such testimony.

"Every lawsuit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom." *Michel v. Meier*, 8 F.R.D. 464, 477 (W.D.Pa. 1948). The mere fact that compliance with a discovery request will cause significant expense does not of itself justify denial of the request. *See Delozier v. First National Bank of Gatlinburg*, 109 F.R.D. 161, 164 (E.D.Tenn.1986); *United States v. American Optical Co.*, 39 F.R.D. 580 (N.D. Cal.1966). *See also* C. Wright & A. Miller, *Federal Practice and Procedure:* Civil § 2214, at 647 (1970).

Redd suggests that the Palmers and plaintiffs who seek discovery of the SEC transcripts be required to bear the expense of procuring them. In support of his suggestion, Redd cites *Herbst v. Able*, 63 F.R. D. 135 (S.D.N.Y.1972), for the proposition that "a party required to 'secure a copy of his transcript from the SEC' [be] required to do so 'at plaintiffs' expense.' *Id.* at 137–38." *See* Response of Defendant John P. Redd to the "Application of Defendants Ira W. Palmer and William H. Palmer to Compel ...," at 2.

In *Herbst*, Judge Motley directed defendant Douglas "to secure a copy of his transcript from the SEC, together with the related exhibits, and turn it over to plaintiffs' counsel for inspection and copying at plaintiffs' expense." *Id.* at 137–38. The cost of the initial transcript was apparently borne by defendant Douglas while plaintiffs were to bear the costs incurred in making subsequent copies of relevant material for their own use. Since the parties' use of SEC transcripts will save time and attorneys' fees on both sides of the instant litigation, it seems reasonable to require each defendant who has testified before the SEC to procure a copy of his own testimony at his own expense. Any additional copies requested by parties opponent should be paid for by requesting parties.[6]

### Review of Transcripts by Objecting Defendants

Defendant Redd further contends that it would be unfair and premature for this court to require unconditional production of the SEC transcripts before those who testified have had an opportunity to review their testimony, make corrections in the transcripts where necessary, and move the court for a protective order where appropriate. Since some of the defendants have not as yet requested copies of their testimony from the SEC, it seems reasonable to allow sufficient time for defendants to review their transcripts for errors before requiring that the transcripts be turned over to opposing parties.

In light of the foregoing, it is hereby

ORDERED that all defendants who testified in *In re The Midwestern Companies, Inc.*, SEC File No. HO–1615, shall request copies of their transcripts of testimony from the SEC pursuant to Rule 6 of the Commission's Rules Relating to Investigations, 17 C.F.R. § 203.6. If in any case the

---

4. We refer, of course, to the original transcript as received directly from the SEC. Any notations, highlighting, etc., made by counsel for objecting defendants upon copies of the transcripts already in counsel's possession would be protected from discovery by the attorney work-product rule.

5. Defendants Tierney and Tierney & Ernst also object to the cost involved in procuring their SEC transcripts. *See* Response of Defendants

Thomas W. Tierney and Tierney & Ernst to Palmers' Application to Compel SEC testimony, at 4.

6. The cost factor may have been removed by reason of the preparation of transcripts for use in the original litigation. In any event, the court must assume that any defendant would need a copy of the pertinent SEC transcripts for use in his own defense.

SEC should deny such request for transcript, the party shall promptly notify this court. It is further

ORDERED that each defendant shall have thirty (30) days from the date of this order within which to review his SEC testimony and to note any claim of error in transcription. It is further

ORDERED that at the end of the thirty (30) day period of review, defendants shall produce the transcripts of testimony for inspection by opposing parties. Any party requiring copies of said transcripts shall bear the cost involved in making such copies. It is further

ORDERED that the stay on discovery imposed by this court's Order of December 1, 1986, is hereby LIFTED. Depositions of defendants who have testified before the SEC, however, should not be scheduled until after parties on both sides of the litigation have had reasonable time to study the transcripts. The Palmers have requested that subsequent depositions of these defendants be limited to supplemental questions not previously asked in the SEC proceedings. This request will be DENIED, as such limitation would only lead to confusion, conflict among the parties and additional cost to all those involved. It is further

ORDERED that no SEC transcript obtained by a party other than the witness, pursuant to this order, shall be disclosed to any interested party outside the instant litigation, or an attorney or agent for such party, without further order of the court. SO ORDERED.