·David S. KREWSON,

v.

CITY OF QUINCY, Francis Finn, etc., David Rowell, etc., John McDonough, etc., Other Police Officers, etc.

Civ. A. No. 88-0038-S.

United States District Court, D. Massachusetts.

April 21, 1988.

Robert L. Hernandez, Boston, Mass., for David Krewson.

Daniel J. O'Connell, III, Boston, Mass., for John McDonough and David Rowell.

David Jenkins, Ramsey & Murray, Boston, Mass., for other defendants.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT FRANCIS FINN AND FOR COSTS (# 09)

ROBERT B. COLLINGS, United States Magistrate.

The plaintiff served the defendant Francis Finn with a request for production of documents; presumably the request was served at the same time as the Complaint. Plaintiff's counsel avers that service occurred "on or about January 7, 1988."

Pursuant to Rule 34(b), F.R.Civ.P., a written response, including any objections, was due to be served within forty-five days, i.e. on or about February 22, 1988. However, no response was filed by February 22, 1988. In fact, no response was served until April 7, 1988, a day *after* the plaintiff had filed a motion to compel. Plaintiff's counsel states that he spoke with defendant Finn's counsel "[o]n no less than three occasions prior to March 23, 1988" and that defendant Finn's counsel "... represented to plaintiff's attorney that the documents would be forthcoming." He further states that although some documents were produced on March 23, 1988, "the documents provided are clearly not responsive to most requests" and defendant Finn's attorney "... again represented that the documents would be forthcoming." A follow-up letter to defendant Finn's attorney was sent on March 25, 1988. Again, no response was forthcoming. The motion to compel was filed on April 6, 1988; a response was served on April 7, 1988 in which defendant Finn interposed objections or partial objections to requests ## 5, 7, 11, 13 and 14.

Counsel for defendant Finn in his Notice of Opposition does not controvert the facts as recited by plaintiff's counsel; rather, he argues that his objections are meritorious.

I rule that all of the objections have been waived. If a party fails to file *timely* objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests. *Slauenwhite v. Bekum Maschinenfabriken, GMBH*, 35 F.R.Serv.2d 975 (D.Mass., 1983) citing *Perry v. Golub*, 74 F.R.D. 360, 363 (N.D.Ala., 1976) and cases cited therein, i.e. *United States v. 58.16 Acres of Land*, 66 F.R.D. 570 (E.D.Ill., 1975); *Davis v. Romney*, 53 F.R.D. 247 (E.D.Pa., 1971); *American President Lines v. Hartford Fire Insurance Co.*, 55 F.R.D. 61 (E.D.Pa., 1971). "Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." *Slauenwhite v. Bekum Maschinenfabriken, GMBH, supra.*

This is not to say that the Court is without discretion to decline to compel production of requested documents even if a timely objection has not been made "... when the request far exceeds the bounds of fair discovery ...". *Id.* I believe that the request contained in 5(d) for "informant file information" falls within that category. As to requests ## 7, 11, 13 and 14, the objection is that the request is "vague, unduly burdensome and is beyond the scope of allowable discovery." While I might have sustained such an objection had it been timely entered, I find that this is the type of objection that is waived by a failure to object.

Accordingly, it is ORDERED that Plaintiff's Motion To Compel Production Of Documents From Defendant Francis Finn And For Costs (# 09) be, and the same hereby is, ALLOWED to the extent that the defendant Finn shall permit inspection and allow copying of all documents requested in requests ## 7, 11, 13 and 14.

It is FURTHER ORDERED that Plaintiff's Motion, Etc. (# 09) be, and the same hereby is, otherwise DENIED.

The plaintiff seeks $360.00 in costs. However, there is nothing in the record to substantiate the claim that the costs, in fact, were incurred. Therefore, if the plaintiff seeks an award of costs, including reasonable attorney's fees, incurred in ob-

taining the within Order pursuant to Rule 37(a)(4), F.R.Civ.P., the plaintiff may file a motion for same accompanied by an affidavit of counsel detailing the costs claimed; the defendant Finn may file an opposition within the time provided by the Local Rules.